**FRIENDLY HOUSE; Samuel U. Chavira; Tammy Gregoire; Julia V., by and through his guardian ad litem; V. Beto; Marisol C., by and through**

---

their guardian ad litem; Adan C.; Francisco C.; Alejandra C.; Lucy A.; Joaquin G., by and through their guardian ad litem; Manuel G.; Jose G.; Maria S., by and through their guardian ad litem; Sergio S.; Juanita S.; Nathan S.; Marco S.; Claudia S.; Lydia Hernandez, Plaintiffs–Appellants,

v.

Janet NAPOLITANO, in her official capacity as Governor of the State of Arizona; Jan Brewer, in her official capacity as Secretary of State of the State of Arizona; David A. Berns, Director of the Arizona Dept. of Economic Security, Defendants–Appellees,

Yes on Proposition 200; Randy Pullen; Federation for American Immigration Reform; Kathy McKee; Claudia Bloom, Defendants–Intervenors–Appellees.

No. 05–15005.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2005.

Filed Aug. 9, 2005.

court should take into consideration the territorial scope of common law trademark rights in deciding what evidence is relevant to the determination. *See* 4 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION 26:25–30. However, we must reject the specific argument tendered by the defendant that the use of the term "yellow cab" in the New York City metropolitan area is dispositive in determining the distinctiveness of a mark used by a small business claiming territorial rights in Sacramento, California. Since the 1960's, New York City has required its licensed medallion cabs to be painted yellow. 34 R.C.N.Y. § 4–01(b) (defining "taxi" as "a motor vehicle used for the carriage of passengers for compensation, equipped with a taxi meter, painted yellow, and displaying a current medallion issued by the New York City Taxi and Limousine Commission"). This is to distinguish taxis, which can be hailed from the street, from "for hire vehicles," which must be hired "by prearrangement only." *Id.* It also distinguishes licensed medallion cabs from so-called "gypsy" cabs, which do not operate with government authorization. In short, the unique New York City government regulation of taxicabs is irrelevant to the trademark issues presented by this case, and in particular, deciding the significance of the voluntary use of marks in commerce in different geographic areas.

---

Hector O. Villagra, Mexican American Legal Defense and Educational Fund, Los Angeles, CA, for the plaintiffs-appellants.

Mary O'Grady, Office of Attorney General, Phoenix, AZ, for the defendants-appellees.

Edmond D. Kahn, Tucson, AZ, for intervenors-defendants/appellees McKee and Bloom.

Jayme Shipp and William Perry Pendley, Mountain States Legal Foundation, Lakewood, CO, for defendants-intervenors/appellees Yes on Proposition 200, et al.

Before GOODWIN, REAVLEY,* and RAWLINSON, Circuit Judges.

### ORDER

 The appeal is dismissed for want of jurisdiction. The district court record reveals that there was no case or controversy between plaintiffs and the State of Arizona when pleadings were before the district court. *See San Diego County Gun Rights Comm'n v. Reno,* 98 F.3d 1121, 1126 (9th Cir.1996) ("Standing is an essential, core component of the case or controversy requirement."). The order of the district court, styled *Friendly House v. Napolitano,* and filed on December 22, 2004, must be vacated because the plaintiffs lack standing.

Plaintiffs appeal the district court's denial of a preliminary injunction to enjoin the enforcement of Arizona Proposition 200, addressing voter registration and public benefits. The plaintiffs are certain state and local employees subject to Proposition 200's criminal provision and certain potentially eligible benefit recipients. Plaintiffs have not met their burden of demonstrating an injury-in-fact. "[N]either the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement." *Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1139 (9th Cir.2000) (en banc). Although it is not necessary for a plaintiff to subject himself to actual arrest or prosecution in order to establish standing, *see, e.g., Culinary Workers Union, Local 226 v. Del Pap,* 200 F.3d 614, 617–618(9th Cir.1999), a plaintiff must at least show a "genuine threat of imminent prosecution." *See San Diego County,* 98 F.3d at 1126. Here, plaintiffs have not articulated (1) a concrete plan to violate Proposition 200, (2) evidence that prosecuting authorities have communicated a specific warning or threat to initiate proceedings, or (3) a history of past persecution, which clearly cannot be shown here. *See Thomas,* 220 F.3d at 1139. Nor is a First-Amendment injury

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

alleged which would relax the standing requirement. *See San Diego County*, 98 F.3d at 1129.

We therefore VACATE the order below and REMAND with instructions to DISMISS WITHOUT PREJUDICE. Neither party to receive costs.